UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WARN INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AGENCY 6 INC., <br><br> Defendant. | No. 2:22-cv-01358 <br><br> ORDER RE: DEFENDANT'S MOTION TO STAY |

----oo0oo----

Plaintiff Warn Industries, Inc. brought this patent infringement action against Agency 6 Inc. alleging induced infringement, contributory infringement, and willful infringement. (Compl. (Docket No. 1).) Before the court is defendant's motion to stay the case pending reexamination.[1] (Mot. (Docket No. 22).)

The factual allegations in this case are discussed at length in the court's order denying defendant's motion to

---

[1] This matter was taken under submission without oral argument pursuant to Local Rule 230(g).

1

dismiss.  (See Docket No. 21.)  On February 2, 2023, defendant filed a request for ex parte reexamination of Patent No. 11,167,963, which is the subject of this action.  (Mot. at 2.) On March 1, 2023, the USPTO granted the request, ordering ex parte reexamination of all claims of the Patent.  (Id.)  On March 9, 2023, after the court denied defendant's motion to dismiss, defendant filed the present motion to stay pending reexamination. (Docket No. 22.)

A district court has the discretion to stay judicial proceedings pending reexamination of a patent.  See GPAC, Inc. v. D.W.W. Enterprises, Inc., 144 F.R.D. 60, 62 (D. N.J. 1992) ("[T]he courts have the inherent power to control and manage their dockets and stay proceedings . . . including the authority to order a stay pending conclusion of a [US]PTO re-examination.") (citations omitted).  See also Ethicon v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988) ("The [reexamination] statute does not provide for a stay of court proceedings because it 'is believed by the committee that stay provisions are unnecessary in that such power already resides with the Court.'") (quoting H. Rep. 1307(I), 96th Cong., 2d Sess. 4 (1980), reprinted in 1980 U.S. Code Cong. & Admin. News 1980, pp. 6460, 6463).

To determine whether to stay a case pending reexamination, courts consider the following factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Smart Modular Techs., Inc. v. Netlist, Inc., No. 2:12-cv-02319

TLN EFB, 2013 WL 2384342, at *2 (E.D. Cal. May 30, 2013) (quoting Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006)) (citation omitted). "There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings.'" AT&T Intellectual Property I v. Tivo, Inc., 774 F. Supp. 2d 1049, 1051 (N.D. Cal. 2011) (quoting ASCII Corp v. STD Entm't, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).

    1.   Stage of Litigation

        The court looks first to whether discovery is complete and whether a trial date has been set in determining whether to stay a case pending reexamination. In this case there has been no discovery and no trial date has been set. Further, aside from the present motion, the only date set on the case's docket is a case management conference scheduled for April 23, 2023. Because this case is in the early stage of litigation, this factor weighs in favor of a stay. See AT&T Intellectual Property I, 774 F. Supp. 2d at 1052 (citation omitted) ("The early stage of litigation weighs in favor of granting a stay pending reexamination.").

    2.   Simplification of Issues and Trial

        Next, the court examines whether a stay pending reexamination will simplify the issues in question and trial of the case. Here, neither plaintiff's claims nor defendant's counterclaims involve any issues beyond patent infringement and invalidity. See AT&T Intellectual Property I, 774 F. Supp. 2d at 1053 ("There are no issues in the case unrelated to patent infringement for which the [US]PTO's expertise resulting from the

reexamination would not be helpful."). Plaintiff contends that reexamination will not simplify the issues before the court because ex parte review is not binding. (See Opp'n at 4-5.)

However, this court stands to benefit from the expertise of the USPTO even if reexamination results in no changed claims. See Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the [US]PTO (when a claim survives the reexamination proceeding)."); see also Intermotive, Inc. v. Inpower, LLC, No. 2:05-cv-0844 FCD GGH, 2007 WL 46052, at *1 (E.D. Cal. Jan. 5, 2007) ("Reexamination by the USPTO may further the goal of judicial economy by eliminating the need for discovery and trial of certain issues, and by helping the court focus on pertinent issues.") (citation omitted).

Moreover, if defendant were to again challenge the validity of the '963 Patent, the USPTO's decision would be both admissible and persuasive to this court. See Grayling Industries, Inc. v. GPAC, Inc., No. 1:89-cv-451, 1991 WL 236196, at *3 (N.D. Ga. Mar. 25, 1991) ("On the one hand, if the patents are declared unpatentable, this action would be moot. On the other hand, even though [p]laintiffs have not agreed to be bound by a [US]PTO finding of a valid patent, such a finding would be admissible and carries a presumption of validity."). Because the only issues in this case involve patent validity and infringement, this factor weighs in favor of a stay.

   3.   Prejudice and Tactical Concerns

Finally, the court examines whether a stay pending reexamination would unduly prejudice or present a clear tactical disadvantage to the non-moving party. In determining whether a stay would be unduly prejudicial or whether there are any tactical concerns, courts consider: (1) any impact of delay, (2) whether the parties are direct competitors; and (3) the moving party's motives and tactics. See e.g., AT&T I, 774 F. Supp. 2d at 1054 ("Delay inherent in the reexamination process does not constitute, by itself, undue prejudice.") (quotation and citations omitted); DMF, Inc. v. AMP Plus, Inc. No. 2:18-cv-07090 CAS, 2019 WL 9077477, at *10 (C.D. Cal. Dec. 13, 2019) ("When the parties are business competitors . . . and the plaintiff may lose customers if the case does not proceed, this may result in prejudice.") (quoting Carl Zeiss A.G. v. Nikon Corp., No. 2:17-cv-07083, 2018 WL 5081479, at *3 (C.D. Cal. Oct. 16, 2018)); AT&T I, 774 F. Supp. 2d at 1054 (explaining that "evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination or a patent" supports a finding of prejudice).

Plaintiff argues that it would be prejudiced by the possibility of a lengthy delay, particularly since ex parte reexamination does not have statutory guidelines for timing. (Opp'n at 5.) Plaintiff also contends that that it "would be prejudiced by loss of market share, price erosion, and delay of its right to enforce its right to exclude others from making and using its invention." (Id.) The court is not persuaded.[2]

---

[2] The cases plaintiff relies on are all distinguishable from the present case. See Wonderland Nurserygoods Co., v. Thorley Indus., LLC, 858 F. Supp. 2d 461, 465 (W.D. Pa. 2012) (denying request to stay where "at least two claims will be untouched by the reexamination. Thus . . . it is not clear the

The fact that ex parte reexaminations do not have statutory guidelines and thus may result in a longer delay than with an inter partes review is insufficient to establish prejudice. See AT&T I, 774 F. Supp. 2d at 1054 ("[P]arties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework.") (citation and quotations omitted). There is no indication of how long the reexamination is expected to take in this case. In the event the process drags on an extraordinary length of time, either party would be free to move to lift or modify the stay.

The court finds no evidence that the reexamination was sought or this motion was made for purposes of delay or other tactical motivation, inasmuch as the reexamination of the '963 Patent was requested early in these proceedings and defendant filed its motion to stay only eight days after the USPTO ordered reexamination. While the parties may be competitors in the market for shackles and winches, that factor alone is not dispositive.[3] Moreover, the parties previously discussed the

---

degree to which reexamination will simplify the issues that this Court must address."); TouchTunes Music Corp. v. Rowe Int'l Corp., 676 F. Supp. 2d 169, 178 (S.D. N.Y. 2009) (denying request to stay where there had been substantial discovery and the parties had completed claim construction briefing); TricTools, Inc. v. TT Techs., Inc., No. 12-cv-3490 YGR, 2012 WL 5289409, at *2 (N.D. Cal. Oct. 25, 2012) (denying request to stay where the USPTO had not yet granted the request for reexamination).

[3] A cursory comparison of the two entities suggests that plaintiff would not be unduly prejudiced by competition with defendant. Plaintiff appears to be a far larger and more established entity than defendant. As plaintiff alleges, it was founded in 1948 and is the owner of multiple patents. (Compl. ¶¶ 14-44.) Defendant was founded in 2015 and is therefore, by contrast, a relatively new entrant to the market. (Id. ¶ 45.)

6

possibility of a stay at oral argument on defendant's motion to dismiss.  At the hearing, counsel for plaintiff appeared amenable to a stay.  Any possible prejudice to plaintiff resulting from delay or competition with defendant does not outweigh the facts that this case is in the early stages of litigation and that reexamination will simplify the issues before the court.

IT IS THEREFORE ORDERED that defendant's motion to stay (Docket No. 22) be, and the same hereby is, GRANTED. Accordingly, all proceedings in this case are hereby STAYED pending reexamination of the '963 Patent.  The parties shall file a joint status report within fourteen days after completion of the reexamination proceedings.

Dated:  April 6, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7